UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GLENN TYREE GILLEY**                                                                                            **PLAINTIFF**

v.                                                                   CIVIL ACTION NO. 3:13-CV-P185-S

**DANNY ALLEN et al.**                                                                                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Glenn Tyree Gilley, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants Hardin County Detention Center (HCDC) Jailer Danny Allen and HCDC Deputy Jailer Robert Reynolds in their individual and official capacities. Plaintiff alleges that on October 17, 2012, he was jailed at the HCDC and placed in the drunk tank. He states that after waiting several hours he started knocking on the door.  A correctional officer responded that he would be right with him.  Two hours later, he started knocking again to use the phone to let his wife know where his three-year old was.  He states that Defendant Reynolds entered the drunk tank with a canister of mace, at which point Plaintiff states that he immediately put his hands on the wall to comply.  He states that he was handcuffed, removed to a single cell, and maced in the face.  He then states:

> I was upset and having words with C.O. Reynolds, while handcuffed I was placed in a restraint chair next.  Then I was maced again[,] a spit mask placed over my head stopping me from breathing correctly. They left for 30 to 40 mins. And then C.O. Reynolds while restrayned he whispered in my ear "You are about to get tased."

Plaintiff states that he then heard another officer enter, was released from the chair, and allowed to

shower.  Plaintiff further states that when he arrived at Roederer Correctional Complex to be assessed "he [presumably Defendant Reynolds] sent a 5-12 write upon my jacket to lable me as a violent inmate because he seen copys of the lawsuit that I was going to file and lied to injure me further.  I have copys of all documentation[,] the grievance, court call which took 90 days good time, and 45 days in the hole."  As relief, Plaintiff asks for monetary and punitive damages, injunctive relief in the form of a do-not-contact order, "providing counseling [and] remove him as Deputy."  He also asks for the restoration of good time and having the write-up stricken from his file.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Injunctive and declaratory relief*

Plaintiff is now incarcerated at the Kentucky State Reformatory. Thus, any requests for declaratory or injunctive relief are moot because he is no longer incarcerated at HCDC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

*Individual-capacity claims against Defendant Allen*

Some factual basis for a plaintiff's claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how each defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to make any allegations regarding Defendant Allen. As such, Plaintiff's claim against him must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

*Official-capacity claims against Defendants Allen and Reynolds*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendants Allen and Reynolds in their official capacity are actually brought against Hardin County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Hardin County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse

order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff has not identified a policy or custom that is the moving force of the alleged

4

constitutional violations. His claims against Defendant Reynolds in his official capacity will be dismissed by separate Order.

*Individual-capacity claims against Defendant Reynolds*

The Eighth Amendment prohibits cruel and unusual punishment, including inflictions of pain that are "'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal citations omitted).[1] The Sixth Circuit has suggested that the use of chemical agents may be necessary for compelling prison inmates' compliance with prison officials' orders. *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992). The use of chemical agents such as mace does not constitute cruel and unusual punishment, if reasonably necessary to subdue recalcitrant prisoners. *See Jennings v. Peiffer*, 110 F. App'x 643, 646 (6th Cir. 2004) (affirming grant of summary judgment to defendant officer because he did not act maliciously or sadistically in spraying a chemical agent to secure prisoner-plaintiff's compliance with an order); *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984); *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975). Based upon Plaintiff's allegations that at the time he was maced he was already in handcuffs, the Court will allow Plaintiff's Eighth Amendment claim regarding excessive force to go forward against Defendant Reynolds in his individual capacity.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged

---

[1] It is not entirely clear from the complaint whether Plaintiff was a prisoner or a pretrial detainee at the pertinent time. If he was a pretrial detainee, his right to be protected from the use of excessive force amounting to punishment is found in the Fourteenth Amendment, and the protection under the Fourteenth Amendment is at least as much as under the Eighth Amendment. *See, e.g.*, *Rivers v. Karpells*, No. 3:12-cv-538, 2012 WL 2324479, at *5 (M.D. Tenn. June 19, 2012).

in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Plaintiff alleges that he was engaged in protected conduct – filing suit. *See Horacek v. Neph*, 466 F. App'x 508, 511 (6th Cir. 2012) (per curiam). He also alleges that sufficiently adverse actions were taken against him, and that Defendant Reynolds's actions were motivated by the protected conduct. The Court will allow Plaintiff's retaliation claim against Defendant Reynolds in his individual capacity to go forward as well.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims for injunctive or declaratory relief, against Defendant Allen, and against Defendant Reynolds in his official capacity. The Court will enter a Scheduling Order to govern the development of Plaintiff's individual-capacity claims against Defendant Reynolds for excessive force and retaliation. In allowing those claims to continue, the Court expresses no opinion on the ultimate merit of those claims.

Date: April 1, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Hardin County Attorney
4411.009